UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOEL DRAIN,<br>    Plaintiff, | Case No. 1:19-cv-117 |
| vs | Barrett, J.<br>Bowman, M.J. |
| MRS. SAWYERS, *et al.*,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff has filed a request for issuance of a temporary restraining order and/or preliminary injunction in connection with a prisoner civil rights complaint brought under 42 U.S.C. § 1983. The matter is currently before the Court on the motion, plaintiff's memorandum in support of the motion, and the State of Ohio's response in opposition. (Doc. 2, 17, 18).

For the reasons stated below, it is recommended that plaintiff's motion be denied.

1. **Factual Background**

Plaintiff filed a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment deliberate indifference to her serious medical needs. Specifically, plaintiff claims that despite being diagnosed with gender dysphoria in early 2017, she was denied treatment while at SOCF, resulting in a risk of suicide and two attempts at auto-castration. (*See* Doc. 10 at PageID 128). Plaintiff filed a motion for a preliminary injunction and/or temporary restraining order with her complaint. Plaintiff seeks relief in the form of a Court order requiring that the defendants provide her with psychotherapeutic counseling for gender dysphoria and hormone treatment. (Doc. 2 at PageID 51).

On March 5, 2019, the Court granted plaintiff *in forma pauperis* status and ordered service on the six named defendants. (Doc. 10, 12). On the same date, the Court issued an Order for defendants to file a response to plaintiff's request for issuance of a temporary

restraining order and/or preliminary injunction. (Doc. 13).

In response to the motion, the State of Ohio[1] contends that steps have been taken to treat plaintiff's medical needs since she filed her motion. (Doc. 18). On March 18, 2019, plaintiff was transported to the Franklin Medical Center and the response indicated that she would be transferred to the Residential Treatment Unit (RTU) at Warren Correctional Institution (WCI) as soon as a bed becomes available. (Doc. 18-1, Moorman-Jamison Decl. at PageID 206). According to ODRC Chief of the Bureau of Behavioral Health Services, Teresa Moorman-Jamison, the RTU's are the highest level of care offered to inmates in need of behavioral health services. Moorman-Jameson attests that plaintiff's care will be closely monitored by many high-level ODRC employees, including psychiatrists, nurse practitioners, psychologists, social workers, nurses and other specialized mental health professionals. (*Id.* at PageID 206–207). In the RTU, therapists will be able to address plaintiff's counseling needs, plaintiff's diagnosis of gender dysphoria will be confirmed and, if appropriate, hormone treatment will be administered in compliance with ODRC policy. According to Moorman-Jameson, plaintiff's evaluation and treatment will occur as soon as possible. (*Id.* at PageID 207).

On April 1, 2019, plaintiff filed a notice of change of address, indicating that she has been transferred to WCI. (Doc. 22).

**2. Opinion**

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

    1.    Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

---

[1] The State of Ohio has filed its response as an interested party. (*See* Doc. 18 at PageID 198).

> 2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
>
> 3. Whether an injunction will cause others to suffer substantial harm; and
>
> 4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

The Court finds that a preliminary injunction is not warranted at this stage of the proceedings. As an initial matter, the undersigned finds that plaintiff has not met her burden to demonstrate a strong likelihood of success on the merits. *Cf. Perdue v. Morgan*, No. 1:13-cv-878, 2014 WL 4912924, at *4 (S.D. Ohio Sept. 30, 2014) (noting the significant burden for a plaintiff under the Eighth Amendment in denying preliminary injunctive relief). Furthermore, as indicated in the State of Ohio's response and by plaintiff's subsequent transfer, it appears plaintiff's medical needs are being addressed by the ODRC. Specifically, plaintiff seeks relief in the form of counseling for gender dysphoria and hormone treatment. Moorman-Jamison attests that WCI has therapists to address plaintiff's counselling needs associated with gender dysphoria and that plaintiff's evaluation and treatment—including hormone treatment if plaintiff is an appropriate candidate—is being carried out as soon as reasonably possible. (*See* Doc. 18-

3

1, Moorman-Jamison Decl. at PageID 207). Accordingly, the ODRC is attending to plaintiff's medical needs as she pursues this action and it does not appear that plaintiff will suffer irreparable harm without the injunction.

Furthermore, a preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction—to preserve the status quo until a trial on the merits can be held, *see Martin*, 924 F.2d at 102—would not be served. The present status quo in this case is, according to plaintiff, that defendants have been deliberately indifferent to her medical needs. The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; she seeks an Order from this Court requiring defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id*.

Accordingly, in sum, it is **RECOMMENDED** that plaintiff's request for a preliminary injunction (Doc. 2) be **DENIED.**

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOEL DRAIN,
    Plaintiff,

vs

MRS. SAWYERS, *et al.*,
    Defendants.

Case No. 1:19-cv-117

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).